1  Deborah Tuck
2  1600 E. Vista Way #85
   Vista, CA 92084
   Ph: 760-840-1551
3
4  Plaintiff In Pro Se

FILED
MAR 28 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

## IN THE UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH TUCK,

    Plaintiff,

vs.

MERCHANTS CREDIT ASSOCIATION,

    Defendant.

Case No. **'17 CV 0626 BAS MDD**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE**

1) TELEPHONE CONSUMER PRACTICES ACT (TCPA) 47 U.S.C. §227 *et. seq.*

2) FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 *et seq.*

3) CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT Civil Code §1788 *et seq.*

**DEMAND FOR DECLARATORY RELIEF**
**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, DEBORAH TUCK, proceeding forward "In Pro Se" individually sues and alleges the following against Defendant MERCHANTS CREDIT ASSOCIATION:

### I.  PRELIMINARY STATEMENT

1. This is an action brought by plaintiff DEBORAH TUCK (hereinafter "TUCK") against Defendant MERCHANTS CREDIT ASSOCIATION (hereinafter "MCA") for numerous strict statutory violations of the Telephone Consumer Practices Act (TCPA) 47 U.S.C. §227 *et seq.*, The Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.* and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA) Civil Code §1788 *et seq.*

2. Plaintiff TUCK contends that defendant MCA has violated such laws by repeatedly harassing the plaintiff for the past four (4) and a half years to date with an *ongoing debt collection campaign* involving numerous illegal attempts to collect an alleged but **nonexistent consumer debt** *or medical bill never owed to MCA by the Plaintiff herself*.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and also 15 U.S.C.§1692(k)(d). Defendant MCA conduct's business in the state of California and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that plaintiff TUCK resides in San Diego county and defendant MCA transacts business here, and the conduct complained of occurred here.

5. This is an action for damages for $6,500.00 dollars.

## III. PARTIES

6. Plaintiff TUCK, is a natural person and long time resident of the State of California, and San Diego County.

7. Upon information and belief defendant MERCHANTS CREDIT ASSOCIATION (hereinafter "MCA") is a *professional consumer debt collection agency*, authorized to do business in California, with a corporate headquarters located at 322 N. Nevada Street, Oceanside, CA 92054. Upon information and belief the registered *CEO/Agent is Roger Walwick*.

8. Defendant MCA is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit reports/information **directly** to all three (3) national credit reporting agencies.

## FACTUAL ALLEGATIONS

9. Defendant MCA are *creditors* to *whomever they have established a business relationship with and/or provided services for which they can collect on the account*.

10. Plaintiff TUCK alleges MCA are professional *consumer debt collectors*, and are attempting to collect a *consumer debt*, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*(FDCPA), due to the fact MCA **did not ever** at *any single moment in time*

have any *established business relationship* with Plaintiff TUCK and MCA is attempting to collect a consumer account that **never belonged to her**, the alleged accounts that MCA has been attempting to collect on for years *now were allegedly belongs to her son Richard Caruso*.

11.  Plaintiff TUCK is a *consumer* as the *purported alleged debt Defendant MCA has also been attempting to illegally collect on for many years now* is a *consumer debt*, from an *unknown person*.

12.  Referring to the preceding paragraphs, because defendant MCA is an entity which is *attempting to collect consumer debts from Plaintiff* which Plaintiff did not incur; brings Defendant MCA well within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code §1788 *et seq.* ("RFDCPA").

13.  Plaintiff has *no prior or present established relationship* with the Defendant MCA.

14.  Plaintiff TUCK received the *very first illegally placed call by Defendant MCA'S staff* on her T-Mobile emergency cell phone number **760-840-1806** on September 06, 2012. When Plaintiff TUCK answered this first illegally placed call, the MCA staff/personnel member explained to her that ["they"(MCA")] were looking for a past/present client of "theirs" who goes by the name of RICHARD CARUSO (hereinafter"CARUSO"). They went on to explain in detail that CARUSO presently owed "them"/debt collector MCA for two (2) past due Tri City Hospital, Oceanside, CA medical bill[s].

15.  Plaintiff TUCK **who is** CARUSO'S mother informed the person on the phone that "*this was her emergency cell phone number*, she *verbally disputed the debt* and *did not owe Defendant MCA any monies ever*, and **under no certain terms Defendant MCA was instructed not to "ever" call her again on her emergency cell phone number.**" Defendant MCA ignored this verbal request and continued their illegal collection activities for more than four (4) and a half more years up until June 28. 2016.

16.  Plaintiff TUCK would hereby like bring to the Court's attention the *very important fact* that RICHARD CARUSO **is** Plaintiff TUCK's son, but the number "they" Defendant MCA were now illegally calling (760) 840-1806 was Plaintiff TUCK'S *emergency cell phone number*. **[SEE EXHIBIT "A"** (*call #1*) Attached Hereto] [1] [Merchants Credit Association Debtor Account History phone log] ["**Judicial Notice of March 26, 2017**" Case No. 3:16-CV-00895-BAS-AGS filed July 05,2016]

---

[1] [Merchants Credit Association Debtor Account History phone log]

17. This same document *[provided by Defendant MCA and their council* to this Court in past pleadings], *is clear proof* that MCA *illegally placed more than twelve (12) consumer debt collections calls to the* **wrong emergency cell phone number**, 760-840-1806 which still belongs to CARUSO'S mother, not to CARUSO as MCA would have the Court believe.

18. **EXHIBIT "A"** clearly proves that MCA'S staff/personnel continued "their" campaign to illegally place consumer collection calls to the **completely wrong** emergency contact cell phone number, [i.e. CARUSO'S mother, the Plaintiff in the instant action,] more than twelve (12) times, over a four (4) and a half year period of time from September 06, 2012 to June 28, 2016, the entire time continuing to look for and ask for CARUSO.

19. Plaintiff TUCK would like to hereby "Notice" the honorable Court, that, of the past twelve (12) illegally placed consumer debt collection calls by MCA from September 06, 2012 to June 28, 2016, *a total of five (5) illegally placed MCA calls fall under the jurisdiction of the Telephone Consumer Protection Act (TCPA) four year Statute of limitations and this Court*.

20. Defendant MCA'S representative on the phone *assured Plaintiff TUCK that a record of the call was made*, their consumer clients name CARUSO would be removed from this number, and *that no further calls from Defendant MCA would be placed to Plaintiff TUCK'S emergency cell phone number 760-840-1806*. To date, MCA has placed over twelve (12) illegal consumer debt collection calls to her private emergency cell number, *five (5) of which are active statutory violations placed within the past four (4) years time*.

21. Plaintiff TUCK *has no contractual obligation to pay* Defendant MCA **anything.**

22. Plaintiff TUCK *has, at no time ever, given* Defendant MCA *Plaintiff TUCK's emergency cell phone number*.

23. Plaintiff TUCK **has never** given Defendant MCA *express written permission* to call Plaintiff TUCK'S emergency cellular phone.

24. Defendant MCA **has never** *validated or verified the alleged consumer debt* per U.S. statute 15 U.S.C. §1692g, *even thought requested to by certified mail on numerous occasions by Plaintiff's son CARUSO.*

25. *Even up to today's date of the filing of this Complaint*, Defendant MCA continues their harassing debt collection campaign to report two (2) *disputed/bogus* negative consumer credit lines [i.e. allegedly owed medical bills] to all three of the largest National Credit Reporting agencies (Hereinafter "CRA'S") in Plaintiff TUCK's sons name [i.e. CARUSO] grossly affecting CARUSO'S daily credit worthiness and ability to gain fair housing for the past many years.

26. From September 06, 2012 to June 28, 2016, Defendant MCA illegally placed more than twelve (12) consumer debt collection calls to TUCK'S emergency San Diego area T-Mobile cell phone 760-840-1806, of which, *five (5) illegally placed collection calls* fall well within the four (4) year TCPA statute of limitation period, [i.e. four (4) years from when the violation was "*first discovered*"].

27. **The TCPA statute of limitations is four (4) years**, so discovery may seek records going back *at least four years*:

[SEE 898 Jenkins v. G.C. Services, Ltd. P'ship, 2012 WL 1067947 (W.D.N.C. Mar. 29, 2012) --- **defendant ordered to identify date and time of all calls to plaintiff's number for past four (4) years, and whether made by a person or an automatic telephone dialing system**).

28. From September 06, 2012 to September 24, 2014, Defendant MCA illegally placed more than twelve (12) consumer debt collection calls to Plaintiff TUCK'S emergency cell phone, ignoring Plaintiff TUCK's numerous oral and written demands **not** to call Plaintiff's cell phone *after receiving the very first illegally placed call*.

29. (See **EXHIBIT "B"** attached hereto and incorporated herein by reference, Defendant MCA'S Motion to Dismiss, Page No#2, Lines 18 through 21). Defendant MCA by and through their attorney Joseph Addelizzi openly admits in this Courts prior federal pleadings, MCA'S Motion to Dismiss dated July 05, 2016, that his client MCA placed eleven (11) calls, all directed to CARUSO during a four and a half year period, all of which were placed during normal business hours. The real truth of the matter is that Defendant MCA, called the **wrong** person and the **wrong** emergency cell phone number for more than fifty four (54) months.

30. These same eleven (11) consumer collection calls from MCA'S office number (760) 722-2156 that were *inadvertantly/mistakenly/illegally* placed to Plaintiff TUCK'S emergency cell phone number (760) 840-1806, [*the same calls admitted in open Court by MCA'S attorney of record Joseph Adelizzi* in **Exhibit B**] illegally placed to Plaintiff TUCK'S emergency cell phone number (760) 840-1806, were all illegally placed using a phone system with automatic telephone dialing system *"capabilities"*, or, a telephone call with *artificial and prerecorded voices,* attempting to collect a consumer debt by leaving a prerecorded message, *and/or threatening to continue collection actions for nonpayment* of an alleged debt.

31. Some of the calls from MCA would come to Plaintiff's cell phone, when answered Plaintiff would say "hello", there would follow a pause. then an automated prerecorded message would play, *stating similar*: "If you are? Richard Caruso, Press one". When pressing one, a further message would continue. The call was not made by human hands nor any conversation with a human being. This is a *separate and distinct damage cause of action* and clear cut *violation[s] of strict liability statutes of the TCPA*.

32. On September 12, 2012 Plaintiff's son CARUSO wrote a "Notice of Intent to Sue and Commence Action" by Certified Mail Receipt #70156040000116481185; as a condition precedent to a damage suit being filed in the Ninth District. The letter was delivered to MCA. Plaintiff TUCK and her son CARUSO assumed that Defendant MCA'S illegal debt collection calls would stop soon after the mailing of the Notice, they did not.

33. Defendant MCA'S illegally placed debt collection calls continued *after* Plaintiff notified MCA numerous times over many years to stop. Defendant MCA intentionally, willfully and knowingly violated the strict liability statute[s] with malice and disregard for the Plaintiff. Defendant MCA does not care.

34.. During all the above referenced twelve (12) illegally placed consumer debt collection calls to Plaintiff's emergency cellular phone, Defendant *MCA'S staff/personnel asserted a right which it lacks, to wit, the right to enforce a debt*. Especially from the **wrong** consumer.

35. On all the above-referenced calls to Plaintiff's emergency cell phone, Defendant MCA *failed to identify that they were professional debt collectors attempting to collect a debt.*

36. On all the above-referenced calls placed to Plaintiff's cellular phones, Defendant MCA trespassed on Plaintiff and Plaintiff incurred an injury as her peace was disturbed, Plaintiff's personal time was wasted, Plaintiff was charged for the calls, Plaintiff incurred wear and tear of her emergency cell phone and wear of her cell battery.

### 6.9.2a.6 Allegations of Harm in TCPA Cases:

37. Plaintiff TUCK so states the following Allegations of Harm pursuant to TCPA Allegations of Harm 6.9.2a.6 as follows:

- a) Congress enacted the TCPA to prevent real harm, Congress found that "automated" or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

- b) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of property".

- c) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by trespassing upon and interfering with the Plaintiff's rights and interests in Plaintiff's cellular phone.

- d) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by intruding upon Plaintiff's seclusion.

- e) Defendant MCA harassed Plaintiff TUCK by incessantly placing harassing illegal consumer debt collection calls, text messages or texts to Plaintiff's Emergency cell phone, which was not even the person MCA was trying to call.

- f) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by causing Plaintiff aggravation and annoyance.

- g) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by wasting Plaintiff's valuable time.

- h) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by depleting the battery life on Plaintiff's cellular phone.

- i) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by using [minutes or texting data] allocated to Plaintiff by Plaintiff's cellular telephone service provider.

- j) Defendant MCA'S five (5) illegally placed consumer debt collection calls, messages or texts harmed the Plaintiff by using date storage space in Plaintiff's emergency cell phone.

38. Plaintiff CARUSO has article III standing.

# FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## TCPA §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT MCA

39. Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. This damage is for the calls placed by Defendant MCA to Plaintiff's emergency cell phone as listed in Exhibit A, for a total of five (5) individual strict statutory violations of statute. As a separate and distinct damage and cause of action, Defendant MCA has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by continually violating strict liability statute; by the following.

**(TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice—

**(TCPA) 47 U.S.C. §227(b)(1)(A)(iii) states in part;**

**(1) PROHIBITIONS**— It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior *express written consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is called for the call;

41. Defendant MCA has damaged Plaintiff by violations of 47 U.S.C. §227 as follows:

§227(b)(1)(A) using a phone with automatic dialing system *capabilities* to call CARUSO.
§227(b)(1)(A) placing a call to CARUSO without an *emergency purpose*.
§227(b)(1)(A) placing a call to CARUSO without *express* (*written*) consent by CARUSO
§227(b)(1)(A) placing a call to CARUSO with an *artificial* or *pre-recorded voice*.
§227(b)(3)(B) placing a call to CARUSO *without an established business relationship*.
§227(b)(1)(A)(iii) placing a call to CARUSO for which CARUSO is *charged for the call*.
§227(b)(1)(A)(iii) placing a call *without prior express written permission* to call CARUSO.

42. Plaintiff spoke with MCA and MCA assured Plaintiff that the calls and debt collection attempts would stop. But MCA refused to cease communication and continued to continually violate 47 U.S.C. §227 over a more than four (4) year period of time.

43. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

44. Defendant MCA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number **after** being notified it was not "their" consumers phone number and promising not to further call or bother Plaintiff on her emergency cell phone. Each additional intentionally placed call by MCA staff after the first unintentional or intentional illegal call is subject to *treble* damages or $1,500 for each and every additional call pursuant to 47 U.S.C.§227(b)(3) as each call was *intentional and willful*.

45. Plaintiff and MCA (1) *do not have* an *established business relationship* within the meaning of 47 U.S.C. §227, (2) Plaintiff *did not* give MCA his personal emergency cell phone number, (3) MCA *did not* have *express written permission* to call Plaintiff's emergency cell phone, (4) Plaintiff notified MCA *verbally and in writing to stop calling* Plaintiff's emergency cell phones, (5) Plaintiff was charged for each call. Plaintiff is entitled to damages of $1,500 per statutory violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against MCA for statutory damages of $6,500.00, U.S. dollars plus attorneys fees and costs, pursuant to 47 U.S.C. §227.

## SECOND CAUSE OF ACTION
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 *et seq.* BY DEFENDANT MCA

46. Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 45 above as though fully set forth herein.

47. Plaintiff TUCK is a *consumer* within the meaning of 15 U.S.C. §1692a(3).

48. Defendant MCA is a *debt collector* within the meaning of 15 U.S.C. §1692a(6); since Defendant MCA is attempting collection of a debt from Plaintiff TUCK who **has "never" been a client/customer of Defendant MCA.**

49. Defendant MCA violated the Fair Debt Collection Practices Act, Defendant MCA'S violations include, but are not limited to the following:

    a. Defendant MCA violated 15 U.S.C. §1692g, *by failing to cease all collection activities* **until** MCA *validated or verified the alleged consumer debt*.

    b. Defendant MCA violated 15 U.S.C. §1692e(8), by communicating or threatening to communicate *to any person* credit information *which is known or which should be known to be false*, including the *failure to communicate that a debt is disputed*.

    c. Defendant MCA violated 15 U.S.C. §1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. Defendant MCA were notified verbally over the phone and in writing by Plaintiff TUCK that the *debt was in dispute, required immediate verification and validation, did not belong to Plaintiff,* and *the calls to Plaintiff's emergency cell were to stop*.

51. Defendant MCA has continued collection of the alleged consumer debt to date.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant MCA for statutory damages of $1,000.00 U.S. dollars, attorneys fees and costs pursuant to 15 U.S.C §1692.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CIVIL CODE §1788 et seq. BY DEFENDANT MCA

52. Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in the above paragraphs 1 thru 51 herein.

53. Plaintiff is a *consumer* within the meaning of 15 U.S.C. §1692 *et seq.*

54. Defendant MCA is *seeking to collect a consumer debt* from Plaintiff TUCK as defined by California Civil Code §1788.10(f).

55. The credit account in question is consumer credit transaction as defined by California Civil Code §1788.2(e) as Plaintiff TUCK has allegedly received property and/or medical services or money from Defendant MCA or TUCK has received an extension of credit, services or money which was used primarily for personal, family, or household purposes.

56. Defendant MCA has damaged Plaintiff TUCK by violations of California Civil Code §1788 as follows:

    a. §1788.10(c) debt collector MCA'S negative credit reporting knows will defame the debtor TUCK.

    b. §1788.10(f) threat by MCA to take action which is prohibited by this title.

    c. §1788.11(e) constitute a harassment.

    d. §1788.12(c) communication .. Deadbeat list (Debt Report)

    e. §1788.13(j) false representation . . threatening service termination . . unless payment is made.

    f. §1788.17 shall comply with provisions of §1692b to §1692j; subject to §1692k.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against MCA for statutory damages of $1,000.00 U.S. dollars, attorneys fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

Respectfully submitted,

Dated this 27th day of March 2017

*/s/ Deborah Tuck/*

**DEBORAH TUCK, PLAINTIFF IN PRO SE**

## VERIFICATION OF DEBORAH TUCK

1. I, DEBORAH TUCK, declare as follows:

2. I am of age, sound mind and competent to testify to facts based on firsthand knowledge of all of the above items as so stated herein.

3. I have been damaged financially, credit wise, socially and emotionally as a result of Defendant MCA'S unlawful actions and numerous violations as so stated in the attached Complaint . . .

4. I have read all of the foregoing pleadings and know the facts therein so stated To be true and correct to the best of my knowledge.

5. I declare, under the penalty of perjury to the laws of the state of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 27th day of March 2017

*[signature]*

**DEBORAH TUCK, PLAINTIFF IN PRO SE**

///
///
///
///
///
///
///
///
///

# CERTIFICATE OF SERVICE

I, Roy Tuck, the undersigned declare under the penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named defendant's the following documents:

- **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- **REQUEST FOR JUDICIAL NOTICE**

By placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail.

- Attorney Joseph Adelizzi
  191 Calle Magdelena, Suite 220
  Encinitas, CA 92024

Executed on this 27th day of March 2017, in San Diego county, U.S.A.

_____
ROY TUCK   Ph: 760-840-1551

# EXHIBIT "A"

```
                                    DEBTOR ACCOUNT HISTORY            JUN 29, 2016
-----------------------------------------------------------------------------------

         MASTER RECORD:

    NAME:  CARUSO, RICHARD                     SPOUSE:
    1ADD:  1660E VISTA WAY #85                 BAD ADD: S
    2ADD:                                      BUSINESS: N
    CITY:  VISTA                               ST ZIP: CA 92084
   PHONE:                                      S.S.N.: 576451131
  LIC NO:  41785                               EMPLOY: UNEMPLOYED
     REM:  CP DEBORAH TUCK 8401806
     REM:


-------------------------------------ACTIONS --------------------------------------
              082412AL001160535    030906120R         030912120R
              031005120R           03100512RRSN       031011120R
              03102412L039         102412HL039160535  122112AL001139832
              071014AL001188722    030710140R         03072314L023
              072414HL023139832    082914AL001190427  030924140R
              08061515N            08020516N          08050316N


-------------------------------------- HISTORY -----------------------------------
① 03090612:13:50   LMAM
② 03091212:12:01   LMAM
③ 03091912:15:30   TT D HE SD TO \CB MONDAY OUT OF TOWN TRYED TO USE THAT
                   CAREPAYMNT CARD
④ 03092412:15:40   H\U
⑤ 03100512:09:17   LMAM
⑥ 03100512:09:18   TT LADY WOULD NOT GIV ANY INFO SD WILL HAV HIM C\B HER NAME
                   WAS DEBBIE TUCK
⑦ 03101112:11:21   LMA
   TD122012:11:14  Debtor Info: RICHARD CARUSO, Addr: 131 NIXON CIR, OCEANSIDE,
                   CA 92057, Ph: 7608401806, SSN: 576451131, POE: UNEMPLOYED\
⑧ 03010213:16:53   TOO MAIN # OUT LADY SD NOT THERE NO FF INFO
   TD070914:11:19  Debtor Info: RICHARD W CARUSO, Addr: 1600 E VISTA WAY SPC 85,
                   VISTA, CA 92084, Ph: 7600000000, SSN: 576451131, POE:
                   UNEMPLOYED\
⑨ 03071014:16:23   LMAM
   TD082814:13:08  Debtor Info: RICHARD W CARUSO, Addr: 1600 E VISTA WAY SPC 85,
                   VISTA, CA 92084, Ph: 7600000000, SSN: 576451131, POE:
                   UNEMPLOYED\
⑩ 03082814:16:00   GOT WRG #
⑪ 03092414:14:42   LMAM
   08061515:12:11  OSCAR DSP EXP 139832, 160535, & 188722 TLD UNPD
   08061515:12:38  OSCAR DSP TU D GAVE ADD AS 131 NIXON OSD 57 #139832 & 160535
   08020516:12:31  OSCAR DSP EQU TLD UNPD TU
   08041416:11:14  NEW ADD FRM PW
   08050316:14:31  RCVD COA'S ON 4\25\12, 8\29\12, 3\9\12 5\22\14
⑫ 03062816:09:26   REQUESTED DEBTOR STATEMENT
```

# EXHIBIT "B"

granting of a fee waiver and proceeding in pro se. (Request for Judicial Notice, Exhibits 1, 2.)

In one of those other complaints, Mr. CARUSO recites similar allegations claiming that his cell phone was called repeatedly from certain telephone numbers allegedly belonging to the defendants. In Caruso v. California Recovery Bureau, Case No. 16cv-902-BTM-DHB, Mr. CARUSO claims that he was called more than 35 times from phone numbers "(760) 722-2156, (800) 755-1107 and (425) 643-2613" concerning the debt involved in that case. (Request for Judicial Notice No. 2, Paragraph 15.)

Disturbingly, those are the same, identical phone numbers that the defendant in this case is alleged to have used to call Plaintiff. (Plaintiff's Verified Complaint, Paragraph 20.) In truth and in fact, the only telephone number that has ever been utilized by Defendant MERCHANTS CREDIT ASSOCIATION is "(760) 722-2156". Defendant MERCHANTS CREDIT ASSOCIATION has never used either of the other numbers that are listed. In addition, Defendant MERCHANTS CREDIT ASSOCIATION has never utilized "an automatic dialing system" (as alleged in the Verified Complaint at paragraph 18) and Defendant MERCHANTS CREDIT ASSOCIATION maintains a call log with regard to each debtor which clearly reveals that there were only 11 telephone calls placed to the debtor from September 6, 2012 to September 24, 2014, all of which were during regular business hours. (Declaration of Roger Walwick, President, Walwick, Inc, dba MERCHANTS CREDIT ASSOCIATION.) The frequency of calls, together with the times when the calls were placed, form the only remotely "factual" allegations in the Plaintiff's Verified Complaint. Because the truth of these allegations is at issue, and given Plaintiff's propensity for litigation involving similar claims, this extrinsic evidence should be considered by the Court in order to dismiss these meritless claims with prejudice. (See Coto Settlement v. Eisenberg (9th Cir. 2010) 593 F.3d 39, 46; Davis v. HSBC Bank

2

**MOTION TO DISMISS**
Case No. 16cv895-BAS-(RBB)

# EXHIBIT "C"

3. All contacts with Mr. Caruso are documented and there are only contacts listed with the following dates: 9/6/12; 9/12/12; 9/19/12; 9/24/12; 10/5/12 twice; 10/11/12; 10/2/13; and 7/10/14.

4. The telephone numbers in the Complaint attributed to my office are 760-722-2156 and 888-890-0781. The telephone numbers in the Complaint of 800-755-1107 and 425-643-2613 are not numbers associated with my office. My office also does not have an automatic or computerized dialing system.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed on _____ July 1, 2016, at Oceanside, California.

/s/ Roger Walwick
Roger Walwick